NEAL, CLARK & NEAL COMPANY, Plaintiff, *v.* THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LIMITED, Defendant.

Fourth Department, May 16, 1917.

Insurance — indemnity against theft of motorcycle — policy construed — insurance issued to vendor and to conditional vendee — theft of motorcycle by vendee — when insurer liable to vendor — waiver of requirement as to notice — evidence — conditional bill of sale.

Where an insurance policy covering the loss of a motorcycle by theft was issued both to the seller of the machine and to the purchaser under a conditional bill of sale " as interest may appear " and covered loss " by theft, robbery or pilferage by any person or persons other than those in the employment, service or household of the insured " both the interest of the vendor and the conditional vendee were insured, and as respects the vendor's interest in the policy the vendee was not within the exception.

Hence, where the conditional vendee himself stole the motorcycle, the vendor is entitled to recover of the insurance company.

Although the policy of insurance was to be void unless the insured rendered a sworn statement of loss to the insurer within sixty days of the loss, the defendant by denying its liability before the sixty days had expired waived the requirement as to notice.

In such action the conditional bill of sale was properly admitted in evidence.

MOTION by the defendant, The Liverpool and London and Globe Insurance Company, Limited, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the rendition of a verdict in plaintiff's favor by a jury at the Erie Trial Term in May, 1916.

*Eugene M. Bartlett* and *Walter W. Chamberlain* for the plaintiff.

*McGuire & Wood* [*Hiram R. Wood* of counsel], for the defendant.

KRUSE, P. J.:

The action is upon an insurance policy issued by the defendant upon a motorcycle, covering loss by theft. The defendant contends (1) that the policy does not cover the loss, (2) that the plaintiff failed to give notice and serve proof of loss as required by the policy, (3) that proof of theft is lacking, and (4) the court erred in admitting certain evidence. The policy insured the plaintiff and one George M. Arthur "as interest may appear," to an amount not exceeding $300, covering among other losses, "loss or damage if amounting to Twenty-five dollars ($25) or more on any single occasion by theft, robbery or pilferage by any person or persons other than those in the employment, service or household of the insured."

1. The plaintiff sold the motorcycle by a conditional bill of sale to Arthur. The verdict is for the amount due and unpaid to plaintiff for the purchase price. The proof tends to show that Arthur, one of the insured, himself, stole the motorcycle, and the question is whether the plaintiff, the other insured, may recover for its interest in the motorcycle.

I am of the opinion that the policy covers the plaintiff's loss. It in effect insured each interest separately, namely, that of the plaintiff, the conditional vendor, and of Arthur, the conditional vendee, and by its express terms covers theft by any person other than such as are expressly excepted by the terms of the policy. As to the plaintiff's interest, Arthur is not within this exception.

2. As to the plaintiff's failure to give notice, and serve proof of loss, and the contention that proof of theft is lacking, it appears that Arthur left the State with the motorcycle. He claimed that it had been stolen from him, and gave notice

**732** NEAL, CLARK & NEAL CO. *v.* L. & L. & G. INS. CO., LTD.

Fourth Department, May, 1917.　　　[Vol. 178.

to the insurance company to that effect. The insurance company, after investigation, became satisfied that the motorcycle had not been stolen from Arthur, and finally contended that it had not been stolen at all and denied its liability to the plaintiff. The plaintiff, evidently relying upon the information received from Arthur, likewise gave notice to the defendant, claiming that the motorcycle had been stolen from Arthur, but finally concluded that Arthur himself had stolen the motorcycle. Before reaching that conclusion, however, it had taken an assignment from Arthur of his claim against the defendant for his loss, and that claim was included in the complaint, but abandoned upon the trial. Both the plaintiff and the defendant seem to have made efforts to find Arthur and the motorcycle, but neither has been found.

I think the evidence is sufficient to establish the theft, and also that timely notice thereof was given by the plaintiff to the defendant. The policy contains the condition that " In the event of loss or damage the insured shall forthwith give notice thereof in writing to this Company or the authorized agent who issued this policy and protect the property from further loss or damage; and within sixty days thereafter, unless such time is extended in writing by this Company, shall render a statement to this Company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and cause of the loss or damage; the interest of the insured and of all others in the property." Then follow other requirements which are not involved in this controversy, after which it is provided as a condition of the policy " that failure on the part of the insured to render such sworn statement of loss to the Company within sixty days of the date of loss (unless such time is extended in writing by the Company), shall render such claim null and void."

The defendant contends that the time for rendering such statement commences to run from the time of the theft, and not from the time that the insured discovered the same. As to this, *it is* enough to say that the trial judge held with the defendant upon that question, but the jury found that before the expiration of sixty days from the time the motorcycle was stolen the defendant denied its liability and waived the require-

ment to render such statement. While the evidence is not clear as to when the theft was committed, I think it cannot be held that there is no evidence to sustain this finding.

3. The only exception urged to the admission of evidence is the ruling admitting the conditional bill of sale. If I am right, that the policy insured the interest of each of the insured in the motorcycle, as has been stated, clearly it was properly received.

The defendant's exceptions should be overruled, its motion for a new trial denied, and judgment directed on the verdict for the plaintiff, with costs.

All concurred.

Defendant's exceptions overruled, motion for new trial denied, with costs, and judgment directed for the plaintiff upon the verdict, with costs.